IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEPRACOR INC and UNIVERSITY OF MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD., and DR. REDDY'S LABORATORIES, INC.<br><br>Defendants. | Civil Action No. 07-CV-5001-MLC-TJB |

### STIPULATION AND ORDER

The Court, upon the consent and request of Plaintiffs Sepracor, Inc. ("Sepracor") and University of Massachusetts ("U Mass") (collectively "Plaintiffs") and Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL"), hereby acknowledges the following Stipulation and issues the following Order ("Stipulation").

### STIPULATION

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and personal jurisdiction over Sepracor, U Mass and DRL. Venue is proper in this Court as to Sepracor, U Mass and DRL.

2. In this Action, Plaintiffs have alleged that DRL infringes United States Patent No. 7,214,683 ("the '683 Patent") and United States Patent No. 7,214,684 ("the '684 Patent") in connection with DRL's submission to the United States Food and Drug Administration ("FDA") of (a) Abbreviated New Drug Application ("ANDA") No. 78-366 directed to extended release generic tablets containing 5 milligrams of desloratadine and 240 milligrams of pseudoephedrine

per tablet, (b) ANDA No. 78-367 directed to generic orally disintegrating tablets containing 2.5 and 5 milligrams of desloratadine per tablet to the FDA, (c) ANDA No. 78-365 directed to tablets containing 5mg of desloratadine, (d) ANDA No. 79-027 directed to extended release tablets containing 2.5 desloratadine and 120 mg pseudoephedrine per tablet, and (e) all amendments, including future amendments, thereto(collectively "DRL's Desloratadine ANDAs").

3. In response to Plaintiffs' charges of patent infringement, DRL has alleged certain defenses and counterclaims, including that the '683 Patent and '684 Patent are invalid, unenforceable and not infringed. This Court has not rendered a decision regarding the Parties' respective claims and counterclaims.

4. DRL has not rebutted the statutory presumption that the '683 Patent and '684 Patent are valid and enforceable in this Action. This admission is without prejudice to DRL's defenses and counterclaims that the '683 patent and '684 patent are invalid.

5. DRL admits that the submission of each of DRL's Desloratadine ANDAs to the FDA was a technical act of infringement of the '683 and '684 Patents. This admission is without prejudice to DRL's defenses and counterclaims that the '683 patent and '684 patent are invalid and/or that the products described in the DRL Deslorantadine ANDAs do not infringe either patent.

6. DRL has agreed that each of the defenses and counterclaims set forth in the Answer To First Amended Complaint And Counterclaims Of Dr. Reddy's Laboratories, Ltd. And Dr. Reddy's Laboratories, Inc., including the allegations and averments contained therein, should be dismissed, without prejudice.

7.     Plaintiffs and DRL make the following releases: (a) DRL hereby releases and discharges Plaintiffs and their respective Affiliates, successors, assigns, directors, officers, employees, agents and customers from all causes of action, demands, claims, damages and liabilities of any nature, whether known or unknown, arising from or in connection with this Action, or the '683 Patent and/or the '684 Patent, including, without limitation, all claims that DRL has asserted or could have asserted in this Action (all of the above collectively, the "DRL Released Claims"); (b) Plaintiffs hereby release and discharge DRL and its Affiliates, successors, assigns, directors, officers, employees, agents and customers from all causes of action, demands, claims, damages and liabilities of any nature, whether known or unknown, arising from or in connection with this Action, or the '683 Patent and/or '684 Patent, including, without limitation, all claims that Sepracor and/or U Mass have asserted or could have asserted in this Action (all of the above collectively, the "Sepracor Released Claims"); and (c) neither Sepracor, U Mass, or DRL, nor any of their Affiliates or agents shall institute any new litigation with respect to the '683 Patent, the '684 Patent, U.S. Patent Nos. 7,211,582; 5,731,319; and 5,595,997, and any other patents owned now or in the future by Sepracor, U Mass or their respective Affiliates, specifically including, but not limited to, any continuations, continuations-in-part, divisionals, reissues or reexaminations thereof (the "Sepracor Patents"), that would be infringed by the manufacture, having manufactured, and/or marketing of any proposed generic equivalent of the branded products described in New Drug Application Nos. 21-165, 21-297, 21-363, 21-312, 21-605, 21-313 (i.e., the products in this case). Notwithstanding any of the above, (1) if any licensee of Sepracor shall assert any of the Sepracor Patents against DRL with respect to the generic products covered by the DRL Desloratadine ANDAs, then nothing in this Stipulation shall prevent DRL from asserting in any litigation by such licensee any defenses and/or

counterclaims that the Sepracor Patents are invalid, unenforceable and/or not infringed, (2) nothing in this Stipulation shall prevent Plaintiffs or DRL from instituting litigation against the other party involving a product other than the generic equivalent of the products in this case, in which event nothing in this Stipulation shall prevent: (a) Plaintiffs from asserting in such litigation that such other product or products infringe the '683 Patent and/or the '684 Patent or other Sepracor Patents, and (b) DRL from asserting in such litigation that the '683 Patent and/or the '684 Patent or other Sepracor Patents are not infringed, invalid and unenforceable, and (3) nothing in this Stipulation shall prevent Plaintiffs from reinstating this litigation against DRL (and DRL from reinstating its counterclaims and defenses in this litigation) in the event that this Stipulation shall be found to be void, illegal or unlawful in a final, non-appealable decision by a court of competent jurisdiction in action brought by the United States Department of Justice, the United States Federal Trade Commission or any other Federal or State administrative agency.

8.  Plaintiffs and DRL also agree that:

    (a)  Sepracor and/or U Mass shall not engage in any activity directly or indirectly to interfere with DRL's efforts to obtain FDA approval or launch the generic products covered by DRL's Desloratadine ANDAs.

    (b)  DRL and Plaintiffs shall submit this Stipulation and Order to the appropriate personnel at the Federal Trade Commission ("FTC") and the Antitrust Division of the Department of Justice ("DOJ"). The Parties shall use commercially reasonable efforts to defend the validity of this stipulation.

9.  DRL and Plaintiffs hereby represent and warrant that: (a) they have approved the execution of this Stipulation, and have authorized and directed the signatory officers below to execute and deliver this Stipulation; (b) they each have the full right and power to enter into this

Stipulation, and there are no other persons or entities whose consent or joinder in this Stipulation is necessary to make fully effective those provisions of this stipulation that obligate, burden or bind them; (c) when so executed by each party, this Stipulation shall constitute a valid and binding obligation of such party, enforceable in accordance with its terms; and (d) they have not transferred or assigned or pledged to any third party, whether or not Affiliated, the right to bring, pursue or settle any of the claims, counterclaims or demands made in this Action.

  10. This Stipulation constitutes the complete, final and exclusive agreement between DRL and Plaintiffs with respect to the subject matter hereof and supersedes and terminates any prior or contemporaneous agreements and/or understandings between DRL and Plaintiffs, whether oral or in writing, relating to such subject matter. There are no covenants, promises, agreements, warranties, representations, conditions or understandings, either oral or written, between DRL and Plaintiffs other than as are set forth in this Stipulation. No subsequent alteration, amendment, change, waiver or addition to this Stipulation shall be binding upon the parties unless reduced to writing and signed by an authorized officer of each party. Each party in deciding to execute this Agreement has retained counsel and has not relied on any understanding, agreement, representation or promise that is not explicitly set forth herein.

  11. This Stipulation shall be governed, interpreted and construed in accordance with the laws of the State of New Jersey, without giving effect to choice of law principles. DRL and Plaintiffs irrevocably agree that the federal district court in the State of New Jersey shall have exclusive jurisdiction to deal with any disputes arising out of or in connection with this Stipulation and that, accordingly, any proceedings arising out of or in connection with this Stipulation shall be brought in the United States District Court for the District of New Jersey. Notwithstanding the foregoing, if there is any dispute for which the federal district court in the

State of New Jersey does not have subject matter jurisdiction, the state courts in New Jersey shall have jurisdiction. In connection with any dispute arising out of or in connection with this Agreement, DRL and each of Plaintiffs hereby expressly consents and submits to the personal jurisdiction of the state courts in the State of New Jersey.

## **ORDER**

Accordingly, pursuant to the above Stipulation, and upon the consent and request of Sepracor, U Mass and DRL, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filings of ANDA 78-365, ANDA 78-366, ANDA 78-367 and ANDA 79-027 each constituted a technical act of infringement of the '683 Patent and '684 Patent under 35 U.S.C. § 271(e)(2)(A).

2. All claims, defenses, counterclaims, and any averments supporting such claims, defenses, and counterclaims, are hereby dismissed, without prejudice.

3. This Court retains jurisdiction over Sepracor, U Mass and DRL for purposes of enforcing this Stipulation And Order.

4.  Each party shall bear its own fees and costs in connection with this Action, including attorney fees.

5.  The Clerk of the Court is directed to enter this final judgment forthwith.

| | |
|---|---|
| SEPRACOR INC. and<br>UNIVERSITY OF MASSACHUSETTS<br><br>*/s/ Dominick A. Conde (BDO)*<br>Charles M. Lizza<br>William C. Baton<br>SAUL EWING LLP<br>One Riverfront Plaza<br>Newark, New Jersey 07102-5490<br>(973) 286-6700<br><br>Dominick A. Conde<br>William E. Solander<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>30 Rockefeller Plaza<br>New York, New York 10112<br>(212) 218-2100<br><br>*Counsel for Plaintiffs*<br>*Sepracor Inc. and University of Massachusetts* | DR. REDDY'S LABORATORIES, LTD.,<br>and DR. REDDY'S LABORATORIES,<br>INC.<br><br>*/s/ Maurice Ross*<br>Maurice N. Ross<br>Louis H. Weinstein<br>Michael W. Choi<br>BUDD LARNER, P.C.<br>150 John F. Kennedy Pkwy.<br>Short Hills, NJ 07078-2703<br>(973) 379-4800<br><br><br><br><br><br><br><br>*Counsel for Defendants*<br>*Dr. Reddy's Laboratories, LTD.,*<br>*and Dr. Reddy's Laboratories, Inc.* |

**SO ORDERED:**

This _____ day of _____, 2008

_____
HONORABLE MARY L. COOPER
UNITED STATES DISTRICT JUDGE

FCHS_WS 2689577_1